IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| MARJORIE HAUSE and ANTHONY HAUSE, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 220406R |
| v. | ) ) | |
| JOSEPHINE COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs appealed Defendant's notice of disqualification from forestland special assessment, dated May 31, 2022. A remote trial was held via Webex on May 16, 2023. Anthony Hause (Hause) appeared and testified on behalf of Plaintiffs. Constance Roach (Roach), Josephine County Assessor, appeared on behalf of Defendant. Brian Bradac (Bradac), a Josephine County forester, and Jeffrey Marks (Marks), Josephine County Assessor's Office Chief Appraiser, testified on behalf of Defendant. Plaintiffs' Exhibits A through I and Defendant's Exhibits A through E were accepted into evidence without objection.

## I. STATEMENT OF FACTS

The subject property, identified as Account R305474, is an irregularly shaped 10-acre lot located in Grants Pass, Oregon, upon which sits a home and significant tree growth. (Compl at 2; Def's Ex B at 2.) Plaintiffs purchased the subject property in November of 2015 on the basis that 9 of the 10 acres were specially assessed as designated forestland.[1] (Compl at 3.)

In 1994, prior owners of the subject property submitted an application to Defendant requesting that the property be specially designated as forestland. (Def's Ex A.) Defendant

---

[1] One acre of the subject property was excluded from special designation due to its classification as a homesite. (*See* Def's Ex B at 5.)

denied the application on the basis that the majority of trees growing on the subject property were oak and madrone—trees that Defendant did not consider to be "marketable" timber. (*Id*.) Upon denial, the prior owners submitted a proposed reforestation plan to Defendant, in which they committed to plant conifers on the subject property. (*Id*.) Based on that reforestation plan, Defendant subsequently approved the original application for forestland designation. (*Id*.)

In 2019, a Josephine County appraiser viewing the subject property via Google Earth observed that a substantial portion of the northwest corner of the subject property had been clear-cut. (Def's Ex A.) As a result, the appraiser flagged the property for future review to confirm whether replanting would occur in the clear-cut area. (*Id*.)

In 2022, Defendant reviewed the 1994 application for designated forestland and rediscovered the corresponding reforestation plan. (Def's Ex A.) Upon that discovery, Defendant changed the 2019 flag on the property to a full stocking review to clarify whether the 1994 reforestation plan had ever been carried out. (*Id*.) Following that change, Defendant sent two appraisers to conduct a site visit of the subject property. (*Id*.) Defendant's appraisers were unable to access the whole property; however, based on the portion of the property they were able to observe, they concluded the 1994 plan had never been implemented and there was an insufficient stocking of marketable timber to uphold the property's special designation. (*Id*.)

On May 31, 2022, Defendant mailed Plaintiffs a notice of disqualification from forestland special assessment. (Compl at 1.) Plaintiffs filed their appeal on September 2, 2022. (Compl at 1.) The parties' dispute primarily concerns whether species of trees on the subject property are "marketable," such that the property may still be assessed as designated forestland.

At trial, Hause testified that Plaintiffs have more than 40 years' experience in the forestry business. He testified that although the subject property grows some conifers, it primarily grows

hardwood species, including madrone and oak. (*See* Ptfs' Ex I.) Hause maintained that all trees have value, including the trees on his property—despite their species. In support, Hause presented two Notices of Timber Sale, one dated in 2018 and one in 2022, both sales having occurred in Grants Pass. (*See* Ptfs' Ex G at 1, 3.) Hause noted that although Defendant claims hardwood is not marketable timber, the Notices of Timber Sale—both of which classify hardwoods as "no-bid species"—valued hardwoods at $55.80 per ton and $50 per MBF, respectively. (*Id.*) Hause also relied upon an email from an Oregon Department of Forestry Stewardship Forester addressed to Roach, in which the Stewardship Forester stated, "the only tree that has any value is Douglas-fir" and opined that certain hardwoods including California black oak and Oregon white oak were "[d]esirable resilient native upland hardwoods." (Def's Ex E at 1.) Hause argued that the email was not an entirely accurate representation of marketable timber for his property because Roach failed to provide the Stewardship Forester with adequate information regarding certain factors, including site class, flora and fauna, and soil type. Finally, Hause claimed that although Defendant suggests pine is marketable in the area, there is not a mill for pine in the local area of the subject property.

Hause testified that he did not directly contact the State Forester to inquire into what trees are considered marketable, because he had concerns about a potential conflict of interest, as he knows multiple people employed with the Oregon Department of Forestry "very well," including the Stewardship Forester.

Bradac, a Joesphine County forester with 14 years' experience, testified that during his time working as a forester, Douglas fir has been the primary marketable species. Bradac testified that the subject property is not desirable forestland given the trees on it are primarily hardwood. He testified that local sawmills, at the present time, primarily accept cedar, pine, and other

coniferous trees. Finally, Bradac noted that although the Notices of Timber Sale that Hause relied upon placed a dollar value on hardwoods, they also classified hardwoods as "no-bid species." Bradac explained that no-bid species are typically undesirable to buyers—they are trees that buyers are often required to purchase in order to also purchase trees they actually do desire, such as Douglas fir or other conifers.

Marks, the Josephine County Assessor's Office Chief Appraiser, testified that he has 30 years' experience in real property appraisal and that he has extensive experience in analyzing whether residential properties qualify for forestland special assessment. Marks testified that at the present time, hardwoods are not marketable species. Acknowledging that the market may change, he declined to speculate whether hardwoods may become marketable species in the future. Marks testified that ultimately, whether or not a species is marketable for purposes of forestland special assessment, is a determination up to the State Forester.

## II. ANALYSIS

The issue is whether the subject property qualifies for forestland special assessment. As the party seeking affirmative relief, Plaintiffs bear the burden of proof and must establish their case by the preponderance of the evidence. *See* ORS 305.427.[2] A "[p]reponderance of the evidence means the greater the weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev*, 4 OTR 302, 312 (1971).

Land in western Oregon qualifies for forestland special assessment if it satisfies the statutory definition of *forestland*, provided as follows:

> " 'Forestland' means [1] land in western Oregon that is being held or used for the predominant purpose of growing and harvesting trees of a marketable species and has been designated as forestland or [2] land in western Oregon, the highest and best use of which is the growing and harvesting of such trees. * * *."

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2019 edition.

ORS 321.257(2). Upon discovery that the land is no longer forestland, the assessor must remove the forestland designation. *See* ORS 321.359(1)(b)(C).

Here, Defendant removed the forestland designation under ORS 321.359(1)(b)(C) prompting Plaintiffs' appeal. Neither party presented an argument with respect to the highest and best use of the subject property; thus, the court focuses its analysis on whether the subject property is held or used for the predominant purpose of growing and harvesting trees of a marketable species.

Defendant disputes whether the trees actually on the subject property are of a "marketable species[.]" *See* ORS 321.257(2). Specifically, Defendant argues hardwood species, including those which primarily grow upon the subject property—madrone and oak—are not marketable. Although Plaintiffs acknowledge hardwoods are worth less than conifers, Plaintiffs argue hardwoods are still "marketable" for purposes of ORS 321.257(2).

"Trees of a marketable species may vary in different areas in western Oregon and may change as the utilization of forest trees changes. The size, age, location, quality and condition of trees do not necessarily determine marketable species." ORS 321.257(2). Whether or not trees are of a "marketable" species is a determination up to the State Forester, as is described in OAR 629-610-0050(1). *Sanok v. Klamath Cty. Assessor*, TC-MD 050854C, 2006 WL 3053313 at *2 (Or Tax M Div Oct 23, 2006); *see also* OAR 150-321-0340(2) ("The established trees must be of a marketable species acceptable to the state forester as described or set forth in OAR 629-610-0050"); *see also* OAR 629-610-0050(1) ("The State Forester shall determine if tree species are acceptable * * * based on all of the following criteria: * * * (c) The species must be marketable in the foreseeable future.") The State Forester has broad discretion in reaching such a determination.

Although Plaintiffs provided evidence that the hardwoods on the subject property *may* possess a limited value, Plaintiffs failed to satisfy the burden of proof. Marketability is not established merely by whether a tree possesses economic value. Marketability is established by the State Forester's personal determination that a species of tree is acceptable. Here, Plaintiffs never contacted the State Forester. Although Plaintiffs' concerns about a possible conflict of interest appeared to be in good-faith, that good-faith concern is not founded in law, nor can it justify a departure from the law here. Thus, the court is not persuaded that the State Forester has determined that oak and madrone trees are "marketable" timber for purposes of ORS 321.257(2). Defendant did not err in disqualifying the subject property from forestland special assessment.

## III. CONCLUSION

After careful consideration, the court concludes Plaintiffs failed to present sufficient evidence that the subject property's trees—primarily madrone and oak—are "marketable species" as determined by the State Forester under ORS 321.257(2). Plaintiffs failed to satisfy their burden of proof. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this _____ day of August 2023.

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on August 18, 2023.*